NEVILLE (WELLS v.). See Case No. 17,403.

---

## Case No. 10,136.

### NEVINS v. JOHNSON et al.

[3 Blatchf. 80.] [1]

Circuit Court, S. D. New York. Oct., 1853.

JURISDICTION IN EQUITY—PATENTS—BILL FOR ACCOUNTING BUT NOT FOR INJUNCTION—PATENT ACT OF JULY 4, 1836.

1. The 17th section of the patent act of July 4th, 1836 (5 Stat. 124), confers jurisdiction in equity upon the circuit courts, irrespective of the right to the plaintiff to an injunction or of his demand for one.

[Cited in Hoffheins v. Brandt, Case No. 6,575; Vaughan v. East Tennessee. V. & G. R. Co., Id. 16,898; Gordon v. Anthony, Id. 5,605; Atwood v. Portland Co., 10 Fed. 285; Root v. Lake Shore & M. S. R. Co., 105 U. S. 206.]

2. Accordingly, where the plaintiff's patent had expired, and a bill in equity filed by him alleged an infringement of the patent, and prayed for a discovery and an account, but not for an injunction: Held, on a demurrer to the bill, that this court had jurisdiction of the case.

[Cited in Perry v. Corning. Case No. 11,003; Vaughan v. East Tennessee. V. & G. R. Co., Id. 16,898; Same v. Central Pac. R. Co., Id. 16,897.]

The bill in this case was founded upon letters patent [No. 3,917] granted to the plaintiff [William R. Nevins] on the 2d of March, 1836, for an improvement in a machine for rolling dough and cutting crackers and biscuit. On the 9th of May, 1848, the patent was surrendered, and a new one was taken out, on an amended specification. The bill, which was filed in December, 1851, charged an infringement of the re-issued patent by the defendants, from the 9th of May, 1848, to the 2d of March, 1850, and that they had realized great profits therefrom; and prayed a discovery of the particulars and extent of the use of the improvement, and that an account might be taken of the profits. The defendants [James Johnson and Francis C. Treadwell] demurred to the bill for want of equity, and assigned, as grounds of demurrer, that there was a complete and adequate remedy at law in the case, and that a court of equity had no jurisdiction of it, because the term of the patent had expired before the suit was commenced, and no injunction was prayed for or could be granted.

Edwin W. Stoughton, for plaintiff.
George Gifford, for defendants.

BETTS, District Judge. The point upon which the objection to the bill is placed is, that the case made by it is not within the jurisdiction of the court. To support this position, we are referred to the cases of Baily v. Taylor, 1 Russ. & M. 73; Jesus College v. Bloom, 3 Atk. 262; and Parrott v. Palmer, 3 Mylne & K. 632; and it is urged that those cases settle the doctrine, that chancery cannot take cognizance of a bill in support of a patent or a copyright, unless it appears, upon the face of the bill, that the plaintiff seeks an injunction, or at least that the court has competent power to award one.

We refrain from discussing the extent of equity jurisdiction, in the English courts, in copyright and patent cases, although our impression, on looking into the cases cited, is, that they do not import the absolute doctrine ascribed to them. In Crossley v. Derby Gaslight Co., 1 Russ. & M. 166, note, the court awarded an injunction after the patent right of the plaintiff had expired. But, whatever may be the rule in England in this respect, we think that the act of congress (5 Stat. 124, § 17), confers jurisdiction in equity upon this court, irrespective of the right of the patentee to an injunction, or of his demand for one; and that it must rest upon the case made by the defendant on the merits, for the court afterwards to determine whether the jurisdiction will be exercised in equity, or only by suit at law.

The terms of the statute are, that "all ac-

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

tions, suits, controversies and cases arising under any law of the United States granting or confirming to inventors the exclusive right to their inventions or discoveries, shall be originally cognizable as well in equity as at law, by the circuit courts of the United States," "which courts shall have power, upon bill in equity filed by any party aggrieved in any such case, to grant injunctions according to the course and principles of courts of equity, to prevent the violation, &c." These provisions in no manner import that the foundation of the jurisdiction of the court rests on its authority to grant an injunction. On the contrary, the language employed would seem to indicate, that congress, for greater caution, made the power to grant injunctions explicit and positive, perhaps to avoid an inference, that the process of injunction, being merely a mode of relief in equity, could only issue in cases which, under the general practice of courts of equity, were brought up specifically by injunction bills. It was held in this court, in 1811, by Mr. Justice Livingston, that the writ of injunction could not be issued except in suits prosecuted under the provisions of the 11th section of the judiciary act of 1789 [1 Stat. 78]. Livingston v. Van Ingen [Case No. 8,420]. And the stringent directions in the act of 1836, copied from that of February. 15th, 1819 (3 Stat. 481), may have been designed to remove doubts as to the authority of the courts of the United States to employ that process in patent cases to the same extent it is used in courts of general jurisdiction.

We see no reason for regarding the power to issue injunctions as the primary and substantive authority of courts of equity, under this statute. They have plenary jurisdiction over all actions, suits, controversies, and cases, in equity and at law, arising under the patent laws. A suit demanding a discovery of the extent of an infringement of a patent right, and an account of the profits realized from such infringement, is manifestly a case arising under the patent law; and the natural interpretation of the language of the act would seem to be, that congress has bestowed upon this court a common jurisdiction, both on its law and equity sides, over all cases of that class, and that no suit of that character can be maintained at law, which may not also be prosecuted in equity. Indeed, the arrangement of the provisions of the 17th section may fairly be referred to, as implying that the power to award injunctions was introduced by congress rather as ancillary to the general equity jurisdiction imparted, than as the substantive and primary purpose of the enactment. It bears more the aspect of an incident to the jurisdiction before conferred, than a condition of the jurisdiction itself.

The manifest purpose of congress to give to the circuit courts in equity every power requisite to the entire protection of patent rights, would be thwarted by limiting that power, through construction, to a control only over interests existing at the time the court is appealed to, or to accrue subsequently. This would be to construe the jurisdiction of the court as conservatory and prospective only, and as possessing the faculty simply of maintaining the patentee's rights from present disturbance or after violation. It is, nevertheless, scarcely less important to a perfect protection and relief, that he be entitled to the aid of the court in a retroactive and compensating character, in bringing to light the extent of injury inflicted upon him, and measuring and adjudging the recompense he shall receive.

We do not think that the act justifies the restrictive interpretation of the powers of the court in equity that is set up by the defence; and, as the demurrer is an admission in law that the defendants violated the plaintiff's patent during its period of existence, and realized to themselves large profits from that wrong, he is, in our opinion, entitled to call upon them for a discovery and an account of those particulars, by a suit in equity, notwithstanding the period of his grant has expired, and he may thus be disabled from obtaining an injunction in respect to their subsequent acts.

The decree must, accordingly, be in favor of the plaintiff, upon the demurrer, with costs; and will be final, unless the defendants, within twenty days after notice of the decree, file their answer to the bill, and pay the costs created by the demurrer.